STATE *v.* MARY JOHN.

February Term, 1916.

Present:   MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed February 19, 1916.

*Intoxicating   Liquors—Municipal   Courts—Jurisdiction   of   Offences—Construction of Statutory Provisions.*

P. S. 5231, giving municipal courts jurisdiction to punish offences relating to the traffic in intoxicating liquor if respondent pleads guilty, but otherwise only to bind over, is repealed by No. 91, Acts 1915, giving municipal courts jurisdiction finally to try and determine prosecutions for all misdemeanors committed within their respective counties, and repealing all inconsistent provisions.

No. 91, Acts 1915, effective August 1, 1915, and giving municipal courts jurisdiction finally to try and determine all misdemeanors committed within their respective counties, does not conflict with No. 171, Acts 1915, relating to the jurisdiction of municipal courts of offences against the liquor law, and which cannot be effective until May 1, 1916, for the jurisdiction of a city court is determined by the former until the latter takes effect.

INFORMATION for unlawfully selling intoxicating liquors. Plea, not guilty. Trial by jury on December 15, 1915, in the City Court of the City of Barre, *Scott*, Judge. Verdict, guilty, and judgment thereon. The respondent excepted. The opinion states the case.

*Richard A. Hoar* for the respondent.

*Fred E. Gleason,* State's Attorney, for the State.

MUNSON, C. J.   The respondent was tried and convicted in the city court of Barre on a charge of selling intoxicating liquor without authority. The question presented is whether this proceeding was within the court's jurisdiction.

Chapter 219 of the Public Statutes, comprising sections 5101 to 5247, relates to the traffic in intoxicating liquor. P. S. 5231

gives municipal and city courts jurisdiction to punish offences under this chapter if the respondent pleads guilty, but gives only the authority to bind over if no plea of guilty is tendered.  P. S. 5232 provides for taking the recognizance of witnesses for their appearance at county court in such cases where the respondent is bound over.

Section one of No. 91, Acts of 1915, an act relating to the jurisdiction of municipal courts, which was approved April second and became effective August 1, 1915, gives municipal and city courts jurisdiction to try and determine prosecutions for all misdemeanors committed within their several counties, and provides for a common law jury, and gives no appeal to the county court.  All inconsistent provisions are repealed by §27 of the act.  The determinative inquiry is whether this act repeals P. S. 5231.

In considering this question it will be necessary to refer to No. 171, Acts of 1915, which was approved March twelfth, and is entitled, ''An act to prohibit the sale of intoxicating liquors.'' This act is to be submitted to the people at their annual town meetings, and if adopted by a majority vote is to take effect May 1, 1916, and if not so adopted is to take effect May 1, 1927. Section 41 of this act is identical with P. S. 5231, except that the word ''chapter'' is changed to ''act''; and §42 is the same as P. S. 5232.  Section 56 is in terms a repeal of chapter 219 and all amendments thereof, and of all other provisions inconsistent with the act.

It is obvious that the provision of the Public Statutes which limits the jurisdiction of municipal courts in disposing of liquor prosecutions to cases where the respondent pleads guilty, is inconsistent with the language of No. 91, Acts of 1915, which authorizes them to try and finally determine prosecutions for all misdemeanors.  But the respondent contends that the language of No. 91 must yield to the intention of the Legislature as evidenced by other enactments on the subject.  Two lines of argument are presented in support of this claim.

It is argued that P. S. 5231 and No. 91, Acts of 1915, can be harmonized by treating the later enactment as a general provision, not applicable to the special class of misdemeanors covered by the earlier statute.  This might be done if the various connected statutes afforded evidence that the Legislature so intended, but we think a contrary intention is manifest.  The recent enact-.

ments relating to municipal courts, concluding with No. 91, show a legislative purpose to establish throughout the State a system of lower trial courts of enlarged jurisdiction; and it is difficult to find in the several provisions any evidence of an intention to except this class of cases from the operation of the final enactment.

Respondent's counsel bases a further argument regarding the legislative intent on the fact that the Legislature which is claimed to have repealed P. S. 5231-32 by the enactment of No. 91, embodied the same provisions in No. 171,—a measure which was under consideration at the same time.   But these provisions, if they become effective as thus embodied, will become so in connection with a radical change in the law relating to intoxicating liquor; and we cannot say but that the Legislature had a definite purpose in providing, as a part of the proposed change, that this class of cases should go for determination to the higher trial court.   So no conclusion favorable to the respondent's claim can be drawn from this provision.

There is no inconsistency between the two acts of 1915. Section one of No. 91 can be given effect as a repeal of P. S. 5231, without conflicting with §41 of No. 171 as a reenactment of the same provision.   The first took effect August 1, 1915; the second cannot take effect until May 1, 1916.   The jurisdiction of the city court is to be determined by the first named act until the second goes into effect.

*Judgment that there is no error and that the respondent* *take nothing by her exceptions.*